# In the United States Court of Federal Claims

No. 23-1993L
(Filed: February 13, 2025)
**FOR PUBLICATION**

```
**************************************
DAVID & KAREN BROWN                    *
REVOCABLE LIVING TRUST, et al.,        *
                                       *
              Plaintiffs,              *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
              Defendant.               *
                                       *
**************************************
```

*Meghan S. Largent*, Lewis Rice, LLC, St. Louis, MO, for Plaintiffs. With her on the briefs is *Lindsay S.C. Brinton*, Lewis Rice, LLC, St. Louis, MO.

*Michelle Melton*, Environment & Natural Resources Division, Appellate Section, Department of Justice, Washington D.C. With her on the briefs is *Todd Kim*, Assistant Attorney General, Environment & Natural Resources Division, Department of Justice, Washington D.C.

## OPINION AND ORDER

Two Plaintiffs in this Rails-to-Trails[1] just compensation case — the David & Karen Brown Revocable Living Trust and T.M.I., L.L.C. ("Plaintiffs") — have moved to voluntarily dismiss their claims without prejudice. *See* Mot. (ECF 34). The government responds that dismissal should be with prejudice. *See* Resp. (ECF 35); *see also* Reply (ECF 36). Counsel for Plaintiffs previously moved to withdraw from representing the David & Karen Brown Revocable Living Trust, *see* Mot. to Withdraw (ECF 30), then filed a Notice stating their intent to withdraw that motion, *see* Notice (ECF 33). Construing the Notice as a motion to withdraw the Motion to Withdraw, the request (ECF 33) is **GRANTED** and the Motion to Withdraw (ECF 30) is **WITHDRAWN**. The Motion to Voluntarily Dismiss (ECF 34) is **GRANTED**, and the claims of the David & Karen Brown Revocable Living Trust and T.M.I., L.L.C. are dismissed **WITHOUT PREJUDICE**, subject to conditions described below.

---

[1] *See* National Trails System Act Amendments of 1983, 16 U.S.C. §§ 1241, *et seq.*

When parties request voluntary dismissal of their own claims, this Court has discretion whether to dismiss with or without prejudice. RCFC 41(a)(2); *Klamath Irrigation Dist. v. United States*, 116 Fed. Cl. 117, 119 (2014); *see also Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments*, 479 F.3d 1330, 1336 (Fed. Cir. 2007) (interpreting Fed. R. Civ. P. 41(a)(2)); *Ilaw v. United States*, 632 Fed. App'x 614, 618 (Fed. Cir. 2015). Relevant factors include "(i) the burden on the defendant if the case were to be dismissed without prejudice; (ii) the progress of the litigation; and (iii) the diligence and good faith of the plaintiff." *Klamath*, 116 Fed. Cl. at 119; *see also In re Downstream Addicks & Barker (Texas) Flood-Control Reservoirs*, 149 Fed. Cl. 776, 779 (2020). I conclude that those factors weigh slightly in favor of dismissal without prejudice.

As to the first and second factors, the burden on Defendant from dismissal without prejudice is likely small because the case's progress has been limited. Plaintiffs' claims have not reached formal discovery, dispositive motions, or trial preparation. That distinguishes this case from others where this Court has dismissed with prejudice. *See, e.g., In re Downstream Addicks & Barker*, 149 Fed. Cl. at 780.

The government represents that it has devoted significant effort to Plaintiffs' claims, including reviewing the "claims book,"[2] independently investigating Plaintiffs' properties, negotiating a possible settlement, and preparing an offer of judgment to T.M.I., L.L.C. under RCFC 68. *See* Resp. at 3–4. Those activities, while certainly meaningful, are still more limited than the investment of time that has typically justified dismissal with prejudice.

The government likewise argues that because of its settlement offers, "the rationale for dismissal with prejudice is similar to the rationale in cases where there are pending dispositive motions." Resp. at 4. Dispositive motions, though, invoke a court's own resources and decision-making authority, not just the parties' private negotiations. A plaintiff that loses on a dispositive motion, moreover, risks being bound by the decision under res judicata or collateral estoppel. 18 Daniel R. Coquillette *et al.*, Moore's Federal Practice – Civil §§ 131.30(3), 132.03(2) (3d ed. 2024); Restatement (Second) of Judgments §§ 13, 27 cmt. D (Am. L. Inst. 1982); *see, e.g., Stephen Slesinger, Inc. v. Disney Enters., Inc.*, 702 F.3d 640, 643, 646 (Fed. Cir. 2012) (affirming the PTO Board's holding that collateral estoppel barred the

---

[2] The "claims book" is a pre-discovery process in Trails Act cases that allows "parties to initially vet the claims." Resp. at 1; *see Gregory v. United States*, 110 Fed. Cl. 400, 405 (2013). Plaintiffs begin by detailing individualized claims associating claimants and parcels of land. *See Geneva Rock Prods., Inc. v. United States*, 107 Fed. Cl. 166, 169 (2012). The United States can then object to specific claims, and the plaintiffs can thereafter respond. *Id.* This process typically determines the scope of litigation as it pertains to the number of plaintiffs and their parcels. *Id.*

plaintiff's claims when the state court had granted defendant's summary judgment motion); *Arkla, Inc. v. United States*, 37 F.3d 621 (Fed. Cir. 1994) (affirming the Court of Federal Claim's grant of summary judgment on collateral estoppel grounds). As a result, voluntary dismissal without prejudice when motions are pending could encourage abuse and evasion of a court's processes. In addition, although dismissal without prejudice during settlement negotiations may well be frustrating to defendants, courts generally encourage the parties to devote their attention to settlement during discovery. *See Cheyenne River Sioux Tribe v. United States*, 806 F.2d 1046, 1050 (Fed. Cir. 1986); *Bergh v. Dep't of Transp.*, 794 F.2d 1575, 1577 (Fed. Cir. 1986). Compelling a plaintiff to voluntarily dismiss with prejudice because settlement negotiations have taken place could distort the parties' incentives to resolve disputes on their own.

More fundamentally, an important focus of the burden analysis is on whether the defendant's litigation efforts would be wasted if the case were refiled. *See Walter Kidde Portable Equip.*, 479 F.3d at 1337. That does not seem to be the case here. Anything the government has learned about Plaintiffs' properties would presumably still be true if Plaintiffs refiled, and the government's work product would be equally applicable. The government could provide the same settlement proposals and offer of judgment in a future case involving the same Plaintiffs and properties. Although there would of course be *some* additional expense in reapplying the government's current knowledge and a work product to a new case, *see* Resp. at 4, the government gives no reason to expect it would be large. "[T]he mere prospect that defendant may be open to a second suit on the same allegations by plaintiff in the uncertain future does not, *ipso facto*, provide sufficient grounds to find an inequitable burden on defendant." *Standard Space Platforms Corp. v. United States*, 38 Fed. Cl. 461, 467 (1997).

As for the third factor — Plaintiffs' diligence and good faith — there is no "*evidence* of neglect, purposeful delay or other pursuit of tactical advantage[.]" *See Klamath*, 116 Fed. Cl. at 119 (emphasis added). The government assumes bad faith because "[t]here is no coherent explanation *other than* tactical advantage that Plaintiffs would dismiss without prejudice[.]" Resp. at 5. But it may simply be that no coherent explanation exists: Plaintiffs' lawyers "speculate" that their clients made a "seemingly irrational" decision after being "misinformed" by others "in the community." *See* Reply at 2–3. I therefore treat Plaintiffs' voluntary dismissal as unexplained rather than strategic.

Although this Court has sometimes referred to "insufficient explanation" of the need for dismissal as justifying dismissal with prejudice, *see, e.g.*, *In re Downstream Addicks & Barker*, 149 Fed. Cl. at 780 (quoting *Standard Space*, 38 Fed. Cl. at 469

- 3 -

(itself quoting *Deuterium Corp. v. United States*, 21 Cl. Ct. 132, 135 (1990))), lack of explanation does not seem to have been sufficient without advanced proceedings and prejudice to the defendant. Because those considerations do not apply strongly in this case, I do not consider the lack of explanation enough by itself to require dismissal with prejudice.

Instead, "the dispute here is best resolved by considering whether terms should be imposed on a dismissal without prejudice, as is envisioned by RCFC 41(a)(2)." *Klamath*, 116 Fed. Cl. at 120. The government proposes that Plaintiffs' costs and fees in this case should not be reimbursable under the Uniform Relocation Act, 42 U.S.C. § 4654(c). Resp. at 7. I agree. That provision applies in the event of a judgment, award, or settlement, *see* 42 U.S.C. § 4654(c), which does not include a voluntary dismissal. *Banks v. United States*, 171 Fed. Cl. 142, 162 (2024); *Arnold v. United States*, 163 Fed. Cl. 13, 33 (2022).

The government also argues that *future* costs and fees should not be awarded in the event Plaintiffs refile or join another pending lawsuit involving the same property. Resp. at 7. That condition appears excessive, especially considering that the government's work on this case would be transferrable to future claims by Plaintiffs involving the same property.

I do note, however, that T.M.I., L.L.C. received an offer of judgment and did not accept it within 14 days. *See* Joint Status Report (ECF 31); RCFC 68(a). When an offer of judgment is unaccepted, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." RCFC 68(d). That condition should apply to T.M.I., L.L.C. if it refiles and does not obtain a judgment more favorable than the government's RCFC 68 offer.[3] Treatment of future costs and fees should otherwise be left for a future case, if any is filed.

## CONCLUSION

The request to withdraw the Motion to Withdraw is **GRANTED**, and the Motion to Withdraw is **WITHDRAWN**. There being "no just reason for delay," RCFC 54(b), the Motion to Dismiss is **GRANTED**, and the claims of the David & Karen

---

[3] *Cf. Klamath*, 116 Fed. Cl. at 120 (ordering dismissal without prejudice "provided plaintiffs are willing to agree that if those claims are refiled as part of a new lawsuit in this court, unrelated to the instant case, plaintiffs will reimburse defendant for the costs it previously incurred in defending against those claims").

- 5 -

Brown Revocable Living Trust and T.M.I., L.L.C. are dismissed **WITHOUT PREJUDICE**, subject to the conditions described.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
